```
SEAN P. PATTERSON, Esq.                    ELECTRONICALLY FILED
STATE BAR NUMBER 573                       4-11-17
232 Court Street
Reno, Nevada 89501
(775) 786-1615

Attorney for Debtor
```

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IN RE:<br>    SANDRA A. SKENDER<br><br>        Debtor(s). | Case No. BK-N-17-50001-BTB<br>    (Chapter 7) |
| SANDRA A. SKENDER,<br><br>        Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF EDUCATION;<br>NAVIENT<br>        Defendants. | Adversary No.<br><br><u>COMPLAINT SEEKING DISCHARGE<br>OF DEBT PURSUANT TO 11 U.S.C.<br>§523(a)(8)</u><br><br>Hearing Date: n/a<br>Hearing Time: n/a |

    COMES NOW, Debtors/Plaintiff, SANDRA A. SKENDER, by and through her undersigned hereby alleges as follows:

<u>JURISDICTION AND VENUE</u>

    1.   Miss Skender is an individual residing in Washoe County, Nevada.

    2.   The U.S. Department of Education is a cabinet level department of the United States Government and is the holder of the student loans at issue in this complaint.

    3.   Navient is U.S. corporation is a Delaware corporation that services the loans at issue in this complaint.

4.  Miss Skender filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code on January 2, 2017.

5.  This is Court has jurisdiction over this adversary proceeding pursuant 28 U.S.C. §§1334 and 157.

6.  This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I).  If the Court should find that this is not a core matter, Plaintiff consents to entry of judgment by the United States Bankruptcy Judge.

7.  Venue of this proceeding is appropriate to the provisions of Title 28 U.S.C. Section 1409(a).

## GENERAL ALLEGATIONS

8.  Plaintiff Skender reincorporates and realleges each and every allegation as set forth in Paragraphs 1-7 above.

9.  Miss Skender is a 38 year old single mother.  She has a daughter, who is seven years old.

10.  Skender has an associates degree from Truckee Meadows Community College.  She attended Ellis College, which is part of the New York Institute of Technology.  Miss Skender was able to graduate from the school with a degree in accounting.  However, one year later the school lost its accreditation.  As a result, Miss Skender can not test for the Certified Public Accountant's exam (CPA).

11.  According to the schedules and statements, Miss Skender owes Navient approximately $122,000 in student loans.

12.  Skender is informed and believes, and on that basis alleges, that the U.S. Department of Education is the holder and beneficiary of the student loan promissory notes, while Navient

1  (formerly known as Sallie Mae), acts as the servicer of the student
2  loans.

3      13.  Since the debt was incurred, Miss Skender has tried to
4  get help with repayment plans on her student loans. However, the
5  defendant and its agent have offered very little aid in repayment
6  plans.  The debt has increased from $78,000 from $122,000, despite
7  repayment plans being available to student loan debtors.

8      14.  Due to not being to use her degree, Miss Skender is
9  making approximately $19 per hour.  She would make significantly
10 more if the school had not lost its accreditation.

11     15.  According to the schedules and statements filed with this
12 court, Miss Skender's average gross income from employment
13 according to the Chapter 7 Means Test was $3,382.75.  She
14 sporadically gets child support in an approximate amount of $282.30
15 per month.  However, there have been months were she did not
16 receive child support.  Her combined income places her almost
17 $17,000 below the median income for a family of two.

18     16.  According to her budget, as filed with the court, Miss
19 Skender runs at a deficit of -$28.68 per month.  However, Miss
20 Skender is losing $385 of her child support income.  In addition,
21 she will have to pay daycare for her young daughter.  This will put
22 her further in the negative for her budget.

23                    **FIRST CLAIM FOR RELIEF**
24                       **[11 U.S.C. §523(a)(8)]**

25    [Court Determination that the Student Loans Impose an Undue
26  Hardship and are Dischargeable Pursuant to Section §523(a)(8)]
27
28
                                3

17. Plaintiff Skender reincorporates and realleges each and every allegation as set forth in Paragraphs 1-16 above.

18. Skender has maximized her income potential and minimized her expenses.

19. Due to the fact she is a single working mother, her state of financial affairs is unlikely to change.

20. Skender cannot currently afford any payment toward her student loans.

21. Skender can not use her education for employment to repay her student loans.

22. Skender has made a good faith effort to repay the student loans, however she does not have the financial wherewithal to make the required payments.

23. The repayment of the student loans imposes an undue hardship on Miss Skender.

24. As a result, the student loans should be dischargeable pursuant to Bankruptcy Code section 523(a)(8).

WHEREFORE, Plaintiff prays for judgment as follows:

1. An judgment from this court finding that the repayment of these loans would impose an undue hardship on Miss Skender, and therefore are dischargeable pursuant to Bankruptcy Code section 523(a)(8); and

2. For such other and further relief as the Court may deem proper in the circumstances.

DATED this __11th__ day of April, 2017.

SEAN P. PATTERSON, Esq.
Attorney for Plaintiff

4